RECEIVED
Jun 4, 2013
JUN 4 2013 MB
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_CHARLES DANIELS_

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

_LORNA-AMALDA CHEVLIN_

_B.J. PARK_

_OFFICE EMERGENCY MGMT._
_COMMISSION (OEMC)_

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

13CV4149
JUDGE KOCORAS
MAGISTRATE COX

Case No:_____
(To be supplied by the Clerk of this Court)

CHECK ONE ONLY:

__X__        COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
             U.S. Code (state, county, or municipal defendants)

_____      COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
             28 SECTION 1331 U.S. Code (federal defendants)

_____      OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.**   **Plaintiff(s):**

A.   Name: _CHARLES DANIELS_

B.   List all aliases: _NONE_

C.   Prisoner identification number: _2010-0809144_

D.   Place of present confinement: _Cook County Jail - Div 10_

E.   Address: _P.O. Box 089002, Chicago, IL 60608_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.**   **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.   Defendant: _LORNA AMALDA - CHEVLIN_

Title: _ASSISTANT STATE's ATTORNEY - BRIDGEVIEW_

Place of Employment: _10220 S. 76th, Dist 5, Bridgeview, IL_

B.   Defendant: _MR. B. J. PARK_

Title: _ASSISTANT STATE's ATTORNEY_

Place of Employment: _10220 S. 76th, Dist 5, Bridgeview, IL_

C.   Defendant: _OFFICE EMERGENCY MGMT. COMMISSION - CITY OF CHICAGO_

Title: _SUPERVISOR - FREEDOM OF INFORMATION OFFICER_

Place of Employment: _1411 W. MADISON, CHICAGO, IL 60607_

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

III.    List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.    Name of case and docket number: _DANIELS v. WASHINGTON_
_96-C-3704_

B.    Approximate date of filing lawsuit: _JUNE 18, 1996_

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _NONE_

D.    List all defendants: _WARDEN WASHINGTON_

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _U.S. DIST COURT- EASTERN DIVISION_

F.    Name of judge to whom case was assigned: _ALESIA KEYES_

G.    Basic claim made: _DENIAL ACCESS TO COURT_

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _DISMISSED_

I.    Approximate date of disposition: _FEB 27, 1997_

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

3

PRIOR LAWSUITS

A. DANIELS v. AUSTIN
   07-C-6475

B. DATE LAWSUIT FILED:
   NOVEMBER 15th 2007

C. NO — CO-PLAINTIFF

D — DANIELS v. AUSTIN
   DEFENDANT WARDEN AUSTIN

E U.S. DISTRICT COURT- EASTERN DIVISION

F. LEINENWEBER / NOLAN

G. HABEAS PETITION

H. DENIED

I AUGUST 25th 2008

4

PRIOR LAWSUITS - CONT.

A- DANIELS V. MANSOUR
11 C 8346

B DATE SUIT FILED - NOVEMBER 21 or 28, 2011

C. No Plaintiff's other than ME.

D. Dr. Mohammed Mansour, P.A. Manisha Patel, Nurse Price, Nurse Pauverenti, Sheriff's Capers & Sheriff Balderamo

E U.S. District Court - Eastern District

F Judge Amy J. St. Eve

G 555 Civil Rights (Prison Condition) - 42 USC 1983

H SETTLEMENT

I December 20, 2012

5

<u>PRIOR LAWSUITS — CONT</u>

A. <u>DANIELS v. TING</u> ;

B. DATE SUIT FILED — APRIL 25th 2013 ;

C. NO PLAINTIFF OTHER THAN SELF ;

D. DR. ANDREW TING, SHERIFF BALDERAMO, SHERIFF; CAPERS, JANE + JOHN DOE (MEDICAL TECH's 7-3);

E. U.S. DISTRICT COURT— EASTERN DISTRICT ;

F. JUDGE AMY J. ST. EVE ;

G. 42 USC — MEDICAL/PRISON CONDITION

H. NOT APPLICABLE YET ;

I. NOT APPLICABLE YET ;

IV.     **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

① On July 8th 2009, Plaintiff Daniels, was named in Circuit Court of Cook County, Illinois in PEOPLE v. DANIELS, Case 09-CR-12798 requesting from the prosecutor's office of Bridgeview 5th Dist., to render to him pursuant to Illinois Supreme Court Rule 412 (IL. Sup. Ct. R. hereinafter) a specific discovery item, inter alia, namely a 9-1-1 audio recording tape.

② Plaintiff's request was critical because said recording provided the only source of corroborative exculpatory evidence for the impeachment of the state's witness & to refute their argument of the events that led to arrest.

③ Also, hinged to the Plaintiff's request was his U.S. Constitutional 6th & 14th Amendment safeguards, specifically to a) speedy trial, b) Compulsory process for obtaining witnesses in his favor; c) Right to a fair & impartial trial and State Supreme Court Rule 412 for the timely production of Exculpatory evidence.

④ Plaintiff's request was lawfully filed under both Federal & State legal authority, specifically under:

7

a- IL. SUP. CT. R. 412 (c)(d)(f) & (g) AND RULE 415 (b) & (d);

b- FEDERAL RULE OF CRIMINAL PROCEDURE  RULE 16(c) & 16(e);

C- UNITED STATES CONSTITUTION SIXTH & FOURTEENTH AMENDMENTS;

5. Notwithstanding said Authorities the Defendant's for over 23 months, flatly refused to produce said discovery item in deliberate disregard to the plaintiff's rights, priviledges & immunities under the U.S. Constitution.

6. Defendant Supervisor of the Office of Emergency Management Comm. (O.E.M.C.), on August 26, 2010, notified Plaintiff that under the "Illinois Records Act, audio is retained for 30 days from the date of incident."

7. On September 20th 2010, in open court Plaintiff repeated his request that the defendant's perform their duty & obligation imposed by law. These defendant's enjoined; chose rather to provide an empty audio recording "disk" to quell the discovery request from the plaintiff.

8. Subsequently, in an effort to listen to the "disk" proffered by ASA defendant Chevlin on September 20th 2010, the "disk" was totally empty of any contents! Over the following monthly court appearance's another disk was promised by the defendant's.

9. On May 13th 2011, the defendant's presented another audio-disk, believing that their surreptitious activities of concealing the fabricated evidence had gone undetected; especially since it appeared the trial court judge had not been made aware, of what was going on about the deception.

8

## CONTENTION

Plaintiff Daniels, bring this complaint against both Defendant's Lorna-Almada-Chevlin & Mr. B.J. Park, in their individual capacities as assistant state attorney's, while acting under the "color of state law" through activities also performed to further a "private purpose" & went beyond merely performing their official duties.

Moreover, these defendant's deliberately violated plaintiff's 6th & 14th U.S. Constitutional Amendment protections, in addition to his Civil rights as a person of color to be free from discrimination, and to a fair, impartial and speedy trial.

Plaintiff's Due process of law clause & State law safeguards triggered pursuant to IL. SUP. CT. RULE 412(c)(d)(f) & (g), were violated by the defendant's failure to disclose in a PRACTICABLE—TIMELY manner the plaintiff's request for his discovery material information. Specifically, the 9-1-1- incident recording tape of defendant, Office Emergency Mgmt Commission (orE.M.C).

Plaintiff Daniels, Substantive Due process & Procedural protections were knowingly violated by Defendant's PARK & Chevlin's, reckless conduct of "deliberate concealment" & continued suppression of a BLANK audio disk, that was proffered on September 20th, from Def. CHEVLIN.

Both defendant's knew or should have know after their "investigative works" because their office maintained "exclusive possession" afterwards of the authentic disk, that the Court & plaintiff would be MISLED & deceived, believing that a authentic disk from CHEVLIN had been presented (See EXHIBIT "B").

9

Both defendant's Chevlin & Park's have at all times been disingenuous after the August 10th 2010 receipt from (O.E.M.C) of the disk for the 9 months following as reflected by their absence of any type of "good faith" effort to correct the "misrepresentation" to the Court + plaintiff, about the bogus disk submitted on September 20th 2010, as if authentic! This period of delay gained for defendant's "time" during which to edit, substitute + tamper with the exculpatory contents, without need for any "chain-of-custody" foundational requirements, prior to its acceptance as evidence. However, according to the ILLINOIS SUPREME COURT in PEOPLE V. WOODS – 214 Ill. 2d 455, 466, 828 NE 2d 247, 2005 LEXIS 619;

".. chain of possession proof is both to insure authenticity of evidence as well as negate the possibility of tampering, erasing and allow the State a full opportunity to explain its safeguarding procedures."

In an effort to apply this principle rule of State law, in plaintiff's behalf, defense counsel attempted to make a record, surrounding this disk being delayed + presented as though reliable after 2 years. Counsel was warned by defendant B.J. PARK promptly to "STOP IT" (See exhibit "C", L-15,17)

Defendant's personally knew their improper activities were denying plaintiff of his statutory rights under IL. SUP CT RULES 412 + 415, to the immediate disclosures in a timely manner

of the requested 9-1-1-tape, after their office's receipt on August 10th 2010, of the "disk". (See Exhibit A) from internal office document supplied by Office of Emergency Management Commission (O.E.M.C.)

## ARGUMENT

Had these defendant's wanted "exclusive possession" of the 911 audio-tape after receipt of it, they should have sought to obtain a "show cause" protective ORDER from the Circuit Court, under IL. SUPREME COURT RULE 415, also applicable under FEDERAL RULE CRIMINAL PROC. R. 16(c) & 16(e).

The fact remains that these defendant's acting with seeming impunity, brazenly ignored procedural rules after (AUGUST 10th 2010 thru May 13th 2011) and basically chose to further "delay & restrict" the plaintiff's right to the disclosure of discovery information 'timely' in defendant's possession. The Plaintiff's U.S. Constitutional 6th & 14th Amendment right of DUE PROCESS of law, have been violated by these defendant's arbitrarily, concealing, suppressing & delayed Discovery request, that's denied also his Constitutional right to a fair, speedy & impartial trial. Moreover, protections guaranteed under applicable Illinois Supreme Court Rules 412 & 415, have been violated through these defendant's enjoined improper activities that purposefully denied My rights as plaintiff and through their seeking to Convict by any Means necessary, solely because of their belief in immunity to absolve liability.

11

V. Relief.

STATE briefly exactly what you WANT the COURT to do for you. MAKE NO LEGAL Arguments. CITE NO CASES or STATUTES.

Grant me following a jury trial Compensatory and punitive damages against these defendant's an award of $300,000.⁰⁰ (Three hundred thousand dollars.) for their actions and conduct.

VI  The plaintiff demands that the case be tried by a jury

☒ YES   ☐ NO

CERTIFICATION

By SIGNING This Complaint, I certify that the FACTS STATED in this Complaint are TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND belief. I understand that if this certification is not TRUE & CORRECT, I may be subject TO sanctions by the COURT

Signed this 18 day of May 2013

Charles Daniels
Charles Daniels
2010-0809144
PO Box 089002
CCDOC- Div. 10
Chicago, IL 60608

12



**City of Chicago**
**Richard M. Daley, Mayor**

**Office of Emergency Management
and Communication**

José A. Santiago
Executive Director

1411 West Madison Street
Chicago, Illinois 60607-1809
(312) 746-9111
(312) 746-9120 (FAX)
http://www.cityofchicago.org

August 26, 2010

Charles Daniels
20100809144
P.O.Box 089002
Chicago, Illinois 60608

Re: arrest

Dear Charles Daniels

On behalf of the Office of Emergency Management and Communications (O.E.M.C.), I am responding to your Freedom of Information (FOIA) request. Please find the requested event query enclosed. No additional information was located. Caller information is not released. Caller identification has been redacted for the following reasons:

( x )    The requested information is exempt from disclosure pursuant to 5 ILCS 140/7(1)(b)(v) because it reveals the identity of the person filing a complaint with or providing information to an administrative, investigative, law enforcement or penal agency; and

( x )    The requested information is exempt from disclosure as an invasion of personal privacy pursuant to 5 ILCS 140/7 (1)(b) and/or 5 ILCS 140/7(1)(c)(vi);

O.E.M.C. is not the keeper of records for the Chicago Police Department. Contact the CPD for camera footage, camera locations and surveillance footage, camera preservation, police reports, flash messages and investigators reports. Under the Illinois Records Act, audio is retained for thirty days from the date of incident. It is not the responsibility and/or the function of this office to provide explanations of the events. Please contact your Attorney or Law Department at your facility regarding questions pertaining to the event query, criminal history and preliminary hearing transcripts. No additional information is available from this Office regarding this matter, and any future correspondence pertaining to this matter shall not receive a response from this office.

Sincerely,

Mary Thompson
Freedom of information Officer
Office of Emergency Management and Communications
City of Chicago

**FA10-814**





STATE OF ILLINOIS )
COUNTY OF COOK    )

## CERTIFICATION

UNDER the penalty of perjury as provided by Law pursuant to Section **1-109**

**of Code of Civil Procedure,** the undersigned certifies that the statements set forth

in this instrument are True and correct, except as to matters stated on belief and

information, and as to such matters, the undersigned certifies as aforesaid that

she believes the same to be true.

1.  I, **BARBARA ALLEN** have been aware of the Criminal Court proceeding's captioned as

# 09-CR-12798, Bridgeview Courthouse, for Defendant **CHARLES DANIELS**, since his

arrest in June 2009. I was made aware that the State's Attorney's office had given

to Attorney **DENNIS H. SHERMAN,** a disk of the Emergency incident recording that Charles

had asked me and family members to listen to for him.

2.  Shortly after **October 16,2010,** I began making telephone calls attempting to schedul

an appointment and direction to the office of Attorney Sherman's located at

150 North Wacker Dr., Chicago, IL.  I drove passenger Deborah Cook-Daniels and her

grandson downtown to his office.  We tried to listen to the **9-1-1 disk,** but **NOTHING**

was on it.

3.  I gave the CD disk immediately back to Attorney Sherman and he let me know that

he would take care of everything and get another copy from the prosecutor's office.

I have not heard back from Attorney Sherman since this incident.

DATED: _1-23-2013_

*Barbara Allen*
Barbara Allen
Telephone—

Subscribed and sworn to before me

this 23rd day of JANUARY 2013

at Chicago, County of Cook, State of Illinois.

Notary Public

"OFFICIAL SEAL"
JUWANDA WATSON
Notary Public, State of Illinois
My Commission Expires Nov. 27, 2014
Commission No. 664272

TAPE RESEARCH LOG

Date: _10 Aug 2010_  Machine #: _____  Subpoena #: _0037X_

Incident Date: _19 June 2009_  C.R.#: _____  R.D.#(s): _HR 383950_

Incident: _BURGJO_  Location: _600 W 87th St_

| Track # Mach. # T ‖ M | | Starting Time | Ending Time | Taped by: | Highlights of recorded segment: 9-1-1 calls, Inter-coms, Radio Transmissions, Flash Messages, etc. |
|---|---|---|---|---|---|
| PCT | 12 | 17:02:28 | 17:03:20 | EH | 911 Call - Event# 0917014630 - BURGJO |
| | | : : | : : | | |
| PCT | 22 | 17:08:01 | 17:09:17 | | 911 Call - Event# 0917014759 - HOLDC1 |
| | | : : | : : | | |
| Zone | 8 | 17:03:25 | 18:00:27 | | Zone 8 Radio - Continuous Run |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | |
| | | : : | : : | | EXHIBIT "A" |
| | | : : | : : | | |

1     STATE OF ILLINOIS)
                   )SS
2     COUNTY OF COOK  )

3     IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
           COUNTY DEPARTMENT-CRIMINAL DIVISION
4
     THE PEOPLE OF THE )
5     STATE OF ILLINOIS,)
          Plaintiff,)
6             )
        vs.     )  No. 09 CR 12798
7             )     10 CR 14820
     CHARLES DANIELS,  )
8        Defendant.)

9

10         REPORT OF PROCEEDINGS had at the hearing of

11   the above-entitled cause, before the Honorable

12   WILLIAM J. KUNKLE, one of the Judges of said

13   District, on the 20th day of September, 2010.

14

15        APPEARANCES:

16        HON. ANITA M. ALVAREZ,
          State's Attorney of Cook County, by:
17        MS. LORNA AMADO-CHEVLIN,
          Assistant State's Attorney,
18         appeared for the People;

19        MR. DENNIS SHERMAN,
         appeared for the Defendant.
20

21

22   Jean M. Salerno
     CSR #084-002821
23   10220 S. 76th Avenue
     Bridgeview, IL  60455
24

EXHIBIT "B"         1

1            THE CLERK:  Charles Daniels.  Custody.  Two

2    files.

3           MR. SHERMAN:  For the record my name is Dennis

4    Sherman.  I represent Mr. Charles Daniels on the

5    09 CR 12798 matter.  I am filing my appearance on

6    the new burglary charge; 10 CR 14820.

7           MS. AMADO-CHEVLIN:  On the '09, we did tender

8    additional discovery.

9           MR. SHERMAN:  Acknowledge receipt.

10          MS. AMADO-CHEVLIN:  911 which was outstanding

11   and it wasn't brought to the Court's attention.

12         THE COURT:  Hang on.  Hang on.  On 2798, you're

13   filing something.  '09?

14         MS. AMADO-CHEVLIN:  Yes.

15         THE COURT:  You're filing --

16         MS. AMADO-CHEVLIN:  09 12798, the State did

17   tender additional discovery including the 911.

18         MR. SHERMAN:  That's what kept this pending.

19         MS. AMADO-CHEVLIN:  CD which was pending.

20         THE COURT:  State tendered additional discovery

21   including 911 tape.

22             Now, on this new one, I need the

23   Indictment or the Information.

24         MR. SHERMAN:  The Public Defender gave it to

2

```
 1      STATE OF ILLINOIS)
                        )SS
 2      COUNTY OF COOK   )

 3        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
               COUNTY DEPARTMENT-CRIMINAL DIVISION
 4
        THE PEOPLE OF THE )
 5      STATE OF ILLINOIS,)
             Plaintiff,)
 6                        )
            vs.          )   Nos. 09-CR-12798
 7                        )        10-CR-14820
        CHARLES DANIELS,  )
 8           Defendant.)

 9

10            REPORT OF PROCEEDINGS had at the hearing

11      of the above-entitled cause, before the Honorable

12      WILLIAM J. KUNKLE, one of the Judges of said

13      District, on the 13th day of May, 2011.

14

15            APPEARANCES:

16               HON. ANITA M. ALVAREZ,
                    State's Attorney of Cook County, by:
17               MR. B. J. PARK,
                    Assistant State's Attorney,
18                   appeared for the People;

19               MR. DENNIS SHERMAN,
                    appeared for the Defendant.
20

21

22      Elizabeth A. Proietti
        CSR #084-002544
23      10220 S. 76th Avenue
        Bridgeview, IL   60455
24
```

EXHIBIT "C"                         1

1        THE CLERK:  Charles Daniels.

2        THE SHERIFF:  Charles Daniels.

3        MR. SHERMAN:  For the record, my name is

4    Dennis Sherman.  I represent Mr. Charles Daniels.

5        THE COURT:  Okay, we've got 09 CR 12798, which

6    is the elected case.

7        MR. PARK:  Yes, we were waiting for the 911

8    tape, and we just gave the disk over now.

9        THE COURT:  Now, are those on this case, or on

10   the other case?

11       MR. SHERMAN:  No, this case.

12       MR. PARK:  That's on this case, the elected

13   one.

14       THE COURT:  Oh, this case, the 911 tape?

15       MR. SHERMAN:  Yes.  Not bad, two years

16   afterwards.

17       MR. PARK:  Stop it.

18       MR. SHERMAN:  Okay.

19       Um, I'll take one final status date, then we

20   can set it down for trial.  How is, um, the 8th of

21   June?

22       THE COURT:  6-8-11, final status to set.  And

23   that's on the elected case, which is the 09 case.

24   And on the 2010 case, it will be a by agreement

2