# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4149 | **DATE** | July 8, 2013 |
| **CASE TITLE** | Charles Daniels (2010-0809144) vs. B.J. Parks, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file his complaint *in forma pauperis* (Doc [3]) is granted. The court authorizes trust fund officers at Plaintiff's place of confinement to deduct $8.00 from Plaintiff's jail trust account as an initial partial payment of the filing fee and to continue making deductions from his trust fund account in accordance with this order. Plaintiff's complaint, however, is dismissed for lack of jurisdiction and without prejudice to Plaintiff seeking relief in state court. This case is terminated. The dismissal of this case does not count as one of Plaintiff's three allotted dismissals pursuant to 28 U.S.C. § 1915(g).

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff Charles Daniels, a pretrial detainee at the Cook County Jail, has submitted a 42 U.S.C. § 1983 civil rights complaint in this Court against Assistant State's Attorneys Lorna Amalda-Chevlin and B.J. Parks, as well as the Office of Emergency Management Commission for Chicago. According to the Cook County Jail's website and its records office, a charge of residential burglary is currently pending against Plaintiff in state court (Cook County Circuit Court No. 09-CR-1279801). Plaintiff states that he has sought from Defendants since 2009 a copy of a 911 call, which he states would discredit a state's witness and is thus relevant to his case. Although a tape had been provided to Plaintiff, there was nothing on it. Plaintiff states that he, or his criminal defense attorney, has made repeated requests for the 911 tape, but have not received it. Named as Defendants are the two assistant state's attorneys prosecuting the criminal case and the Office of Emergency Management for Chicago.

    Plaintiff's application to proceed *in forma pauperis* demonstrates that he cannot prepay the filing fee. The Court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $8.00. The Court authorizes the supervisor of inmate trust accounts at the Cook County Jail to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for the filing fee, and jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

    Although Plaintiff may proceed *in forma pauperis*, preliminary review of his complaint, *see* 28 U.S.C. § 1915A, reveals that it must be dismissed. His claims involve state law issues of discovery and evidence in a currently pending state criminal case. Federal courts "do not sit as a super state supreme court to review error[s] under state law." *Stone v. Farley*, 86 F.3d 712, 718 (7th Cir. 1996) (citation omitted). Although Plaintiff phrases his claims as a due process violation, even if his claims can be so construed, he cannot raise them here while his

| **STATEMENT** |
|---|

state criminal case is ongoing. *Younger v. Harris*, 401 U.S. 37, 54 (1971) (absent extraordinary circumstances, none of which apply here, a federal court cannot interfere with an ongoing state prosecution). Plaintiff must raise his claims in state court, either in the trial court or on appeal.

As additional grounds for dismissal, the Defendants named in this case either have immunity from suit or are not suable parties. Plaintiff names assistant state's attorneys as Defendants and seeks monetary damages for his claims. "A prosecutor has absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012), citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Plaintiff cannot assert claims against the prosecutors that they failed to produce evidence, which clearly involves actions taken during the course of their prosecution of the criminal case. As to the Emergency Management Commission of Chicago, it appears to be a division of the City of Chicago and not a separate, suable entity that can be named as Defendant. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997) (a division or department of a city, such as a police department, is not separate from the city and is not an independent, suable entity).

For the reasons stated above, this case is dismissed. The dismissal is without prejudice to Plaintiff raising his claims in state court (either the trial court or a state appellate court); however, he cannot proceed with them here. This case is closed. The dismissal of this case shall not count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g), given that he may have simply brought his claims in the wrong court.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he chooses to file his appeal *in forma pauperis*, he must, with his application, set forth the issues he plans to present to the appellate court. *See* Fed. R. App. P. 24(a)(1)(C). Should Plaintiff appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be frivolous, he may accumulate a strike under 28 U.S.C. § 1915(g). The accumulation of three strikes under § 1915(g) will result in him not being able to file an action in federal court without the prepayment of the filing fee unless he demonstrates that he is in imminent danger of serious physical injury.